**Jack K. BERMAN, Appellant,**

v.

**RIVERSIDE CASINO CORPORATION, H. J. Munley, Emmet Munley, William Miller, First Doe and Second Doe, Appellees.**

**Nos. 19283, 19747.**

United States Court of Appeals Ninth Circuit.

Nov. 16, 1965.

Frank R. Petersen, Reno, Nev., James Martin MacInnis, Jack K. Berman and Cyril Viadro, San Francisco, Cal., for appellant.

John S. Belford, Belford & Anglim, Reno, Nev., for appellee.

Before POPE, DUNIWAY and BROWNING, Circuit Judges.

POPE, Circuit Judge.

The facts in this case are fully stated in the opinion of Judge Thompson in the district court, Berman v. Riverside Casino Corporation et al., 247 F.Supp. 243. We agree with that opinion, and the judgment of the court below, which granted a summary judgment dismissing the action as against the defendant H. J. Munley. The district court certified there was no just reason for delay and the plaintiff took this appeal. We affirm for the reasons stated in the opinion of the district court.

In appellant's brief, and in his argument in this court, his claim for recovery is predicated upon his assumption that Munley was a "licensee" of the gaming license issued for the Riverside Casino. Proceeding from this assumption appellant seems to argue that the State's public policy, as expressed in the statutes and regulations, requires that Munley be held liable to the plaintiff.[1] If Munley was a licensee it might possibly be urged that the duties imposed upon a licensee by Regulation 5.010 give rise to a civil liability for the consequences of improper operation of the gambling casino.[2]

Judge Thompson, however, was correct in noting that Munley was not a licensee. In addition to his able discussion of this point, we note the plain distinction made by § 463.200 Nevada Revised Codes between the licensee on the one hand and "persons directly or indirectly interested" on the other. The section reads: "1. Application for a state gaming license shall be made to the board on forms furnished by the board and in accordance with the regulations of the commission.

1. From appellant's brief: "In other words, the question before this court resolves itself to this: Will the public policy which it must enforce in this case best be served with or without personal liability?"

2. This regulation is quoted in Judge Thompson's opinion. It provides among other things: "Responsibility for the employment and maintenance of suitable methods of operation rests with the li-

censee. * * *" and possessing or permitting to remain on the premises of any cheating device is stated to constitute an unsuitable manner of operation. Sections 463.340, 465.070 and 465.080 all make it unlawful for a licensee to permit the use of fraudulent dice. In Berman v. Riverside Casino Corporation, 9 Cir., 323 F.2d 977, 979, this court in part based its holding that the complaint here stated a claim against that corporation on the provisions of those sections.

2. The application shall include: (a) The name of the proposed licensee. \* \* (d) The names of all persons directly or indirectly interested in the business and the nature of such interest." Nowhere in the statutes or regulations can we find any provision that would negative this inference that persons in the position of Munley are not licensees.

The judgment is affirmed.